FILED Paid
NP

2010 JAN 19 P 3: 11

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA SAN JOSE

1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiff
   Largo Cargo Co.
8

9

10

11

                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA

12  LARGO CARGO CO., a Florida              CASE NO.   CV 08-02088 RMW
13  corporation, individually and on
    behalf of all others similarly situated,  HON. RONALD M. WHYTE
14
                                             C10-00241
15            Plaintiff,
                                             CLASS ACTION COMPLAINT
16      vs.
                                             JURY TRIAL DEMANDED        HRL
17
18  GOOGLE, INC., a Delaware
    Corporation; and DOES 1 through 10,
19  inclusive,

20            Defendants.

21

22

23

24        Plaintiff Largo Cargo Co. ("Plaintiff"), individually and on behalf of the

25  class described below, by its attorneys, make the following allegations pursuant to

26  the investigation of its counsel and based upon information and belief except as to

27  allegations specifically pertaining to Plaintiff and its counsel, which are based on

28  personal knowledge.  Plaintiff brings this action for damages and injunctive relief

                          CLASS ACTION COMPLAINT

1 | against Defendant, demanding a trial by jury.

2 | **<u>NATURE OF THE ACTION</u>**

3 | 1. Plaintiff brings this class action against defendant Google, Inc.
4 | ("Google") to recover damages and other relief available at law and in equity on
5 | behalf of itself as well as on behalf of the members of the following class:

6 | *All persons or entities located within the United States*
7 | *who bid on a keyword though AdWords, left the "CPC*
8 | *content bid" input blank, and were charged for content*
9 | *ads.*

10 | 2. This action arises from Google's deceptive, fraudulent, and unfair
11 | practice of tricking advertisers who seek online advertising through Google's
12 | AdWords program into bidding for a service that they do not want.

13 | 3. Google is commonly thought simply as an Internet search engine; in
14 | fact, Google's business is online advertising. Google's business model is primarily
15 | dependent on linking individuals who are searching the internet with advertisers
16 | who pay Google (and others) for each time the linkage occurs. The Google
17 | Network is the largest online advertising network in the United States.

18 | 4. AdWords is Google's primary advertising program and is the main
19 | source of its revenue. Through AdWords, Google permits would-be advertisers to
20 | bid on words or phrases that will trigger the advertisers' ads. AdWords is
21 | premised on a pay-per-click ("PPC") model, meaning that the advertisers pay only
22 | when their ads are clicked. As part of the AdWords bidding process, therefore,
23 | advertisers must set a maximum cost per click ("CPC") bid that the advertiser is
24 | willing to pay each time someone clicks on its ad. When an advertiser is choosing
25 | its CPC bid, it is also given the "option" of entering a separate bid for clicks
26 | originating from Google's "content network" which consists of sites that are not
27 | search engines. These content network sited are those that use AdSense, the other
28 | side of the Google advertising model.

**CLASS ACTION COMPLAINT**

5.     This action arises from the fact that Google does not inform it advertisers that if they leave the CPC content bid input blank, Google will use the advertiser's CPC bid for clicks occurring on the content network.  Google does this despite the fact that ads placed on the content network are demonstrably inferior to ads appearing on search result pages.  Because there is no option to opt out of content ads during the AdWords registration process, advertisers reasonably believe that by leaving the CPC content bid input blank they can opt out of having their ads placed on the content network.  Google, however, has charged and continues to charge those advertisers who lease the CPC content bid input blank for content ads on third party websites.

## PARTIES

6.     Plaintiff Largo Cargo Co. is a Florida corporation and has previously registered for an AdWords account as more particularly described herein and has also previously been charged for content ads as more particularly described herein.

7.     Plaintiff is informed and believes and thereon alleges that defendant Google Inc. is a Delaware Corporation doing business in the state of California. Plaintiff is informed and believes and thereon alleges that there is no one state where Google conducts a substantial predominance of its business, making its principal place of business the state where it is headquartered.  Google's principal campus and corporate headquarters are located in 1600 Amphitheatre Parkway, Mountain View, California.

8.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiffs and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging

CLASS ACTION COMPLAINT

1   allegations, as may be necessary.

2   **JURISDICTION AND VENUE**

3       9.    This Court has original jurisdiction over this action pursuant to 28

4   U.S.C. § 1332(d)(2) in that it is a class action filed under rule 23 of the Federal

5   Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28

6   U.S.C. § 1332(d)(6) exceeds the sum of $5,000,000 exclusive of interest and costs,

7   and a substantial number of members of the class of plaintiffs are citizens of a state

8   different from that of defendant Google.

9       10.    Venue is proper in the Northern District of California pursuant to 28

10  U.S.C. § 1391(a) in that: (1) Google resides in this judicial district; (2) a substantial

11  part of the events or omissions giving rise to the claims asserted herein occurred in

12  this judicial district; and (3) Google is subject to personal jurisdiction in the

13  Northern District of California.

14  **FACTUAL BACKGROUND**

15      11.    Google offers advertisers two types of ads. The first is the search ad.

16  When an Internet user uses Google to search for a specific term or term, Google

17  will display the ads of advertisers who have bid for those particular keywords. The

18  second type of ad is the contextual based ad, or content ad. These ads are shown

19  on third party websites that have content that matches the keywords bid on by the

20  advertiser. For example, an ad for a hardware store may be shown on a website

21  that has content about home improvement projects.

22      12.    In order to advertise with Google, advertisers must register with

23  AdWords, Google's advertising program. The process of registering with

24  AdWords involves an online process that begins by clicking on the "Advertising

25  Programs" link on Google's homepage. After selecting to register with AdWords

26  and the desired version, the advertiser moves to the initial step of the sign-up

27  process. First, the advertiser selects the target language and geographic location.

28  Then, the advertiser creates the ad that will be placed on Google's website or on

— 4 —
**CLASS ACTION COMPLAINT**

1   third party websites and selects the desired keywords.  The advertiser then selects

2   the maximum daily budget and the maximum CPC bid.  Here, the advertiser has

3   two choices, the "Default CPC bid" and the "CPC content bid".  Next to the "CPC

4   content bid" input is the word "optional".

5       13.    Nowhere on this page, or anywhere in the registration process is there

6   the option to opt-out of content ads.

7       14.    Advertisers who do not want to pay for ads placed on third party

8   websites therefore leave the "CPC content bid" input blank, believing that the word

9   "optional" means that having content ads placed on third party websites is optional.

10      15.    Google, however, fails to inform that an advertiser who leaves this

11  "optional" input blank will nonetheless be charged for third party content ads.  By

12  redefining the universally understood meaning of an input form left blank, and then

13  intentionally concealing this redefinition, Google has fraudulently taken millions

14  of dollars from Plaintiff and the members of the class.

15      16.    Plaintiff enrolled in AdWords in January of 2008.   Plaintiff set the

16  desired bids for its ads, and, not wanting to pay for ads placed on third party

17  content sites, left the CPC content bid input blank.  Plaintiff, like any reasonable

18  consumer, expected that leaving an input blank would indicate that it did not want

19  to bid on content ads.  This expectation was supported by the fact that Plaintiff was

20  not given the option of opting out of content bids during the advertising campaign

21  creation process.

22      17.    Despite leaving the CPC content bid input blank, Google charged

23  Plaintiff over $10,000 for unwanted third party content ads.

24                          **CLASS ALLEGATIONS**

25      18.    <u>Description of the Class</u>: Plaintiff brings this nationwide class action

26  on behalf of himself and the Class defined as follows:

27              *All persons or entities located within the United States*

28              *who bid on a keyword though AdWords, left the "CPC*

— 5 —

1    *content bid" input blank, and were charged for content*

2    *ads.*

3        19.    Excluded from the Class are governmental entities, Defendant, any

4    entity in which Defendant has a controlling interest, and Defendant's officers,

5    directors, affiliates, legal representatives, employees, co-conspirators, successors,

6    subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or

7    judicial officer presiding over this matter and the members of their immediate

8    families and judicial staff.

9        20.    Plaintiff reserves the right to modify the class description and the

10   class period based on the results of discovery.

11       21.    <u>Numerosity</u>: The proposed Class is so numerous that individual

12   joinder of all its members is impracticable. Due to the nature of the trade and

13   commerce involved, however, Plaintiff believes that the total number of class

14   members is at least in the hundreds of thousands and that the members of the Class

15   are numerous and geographically dispersed across the United States. While the

16   exact number and identities of class members are unknown at this time, such

17   information can be ascertained through appropriate investigation and discovery.

18   The disposition of the claims of the class members in a single class action will

19   provide substantial benefits to all parties and to the court.

20       22.    <u>Common Questions of Law and Fact Predominate</u>: There are many

21   questions of law and fact common to the representative Plaintiff and the proposed

22   Class, and those questions substantially predominate over any individualized

23   questions that may affect individual class members. Common questions of fact

24   and law include, but are not limited to, the following:

25               a.    Whether Google charges for advertisements placed on third

26                   party websites when the "optional" CPC content bid input is

27                   left blank, and whether Google discloses this material fact to

28                   consumers;

**CLASS ACTION COMPLAINT**

b. Whether Google failed to disclose that when the "optional" CPC content bid input is left blank, Google will still charge for ads placed on third party websites;

c. Whether or not Plaintiffs and the members of the class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

d. Whether Google engaged in unfair, unlawful and/or fraudulent business practices; and

e. Whether Goolge failed to disclose material facts about the subject Google Adwords program.

23. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the class have been similarly affected by Defendant's common course of conduct since their charged for content ads after leaving the "optional" CPC content bid input blank.

24. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor its counsel have any interests adverse to those of the proposed Class.

25. <u>Superiority of a Class Action</u>: Plaintiff and the members of the Class have suffered, and will continue to suffer, harm as a result of defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy as individual joinder of all members of the class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation

— 7 —

1   magnifies the delay and expense to all parties in the court system of resolving the

2   controversies engendered by Defendant's common course of conduct.  The class

3   action device allows a single court to provide the benefits of unitary adjudication,

4   judicial economy, and the fair and equitable handling of all class members' claims

5   in a single forum. The conduct of this action as a class action conserves the

6   resources of the parties and of the judicial system, and protects the rights of the

7   class member.  Furthermore, for many, if not most, Class members, a class action

8   is the only feasible mechanism that allows therein an opportunity for legal redress

9   and justice.

10       26.     Adjudication of individual Class members' claims with respect to the

11   Defendant would, as a practical matter, be dispositive of the interests of other

12   members not parties to the adjudication and could substantially impair or impede

13   the ability of other class members to protect their interests.

14                              **FIRST CAUSE OF ACTION**

15                                **UNJUST ENRICHMENT**

16       27.     Plaintiff realleges the preceding paragraphs as if fully set forth herein

17   and, to the extent necessary, plead this cause of action in the alternative.

18       28.     Through the actions described above, Google has received money

19   belonging to Plaintiff and the Class through the fees collected from ads placed on

20   third party content sites when a reasonable advertiser would have believed that

21   leaving the CPC content bid input blank meant that they would not be charged for

22   content ads.

23       29.     Additionally, Google has reaped substantial profit by concealing the

24   fact when left blank, the "optional" CPC content bid would be set at an amount

25   that could reach the amount bid for the search bid.  Ultimately, this resulted in

26   Google's wrongful receipt of profits and injury to Plaintiff and the Class.  Google

27   has benefited from the receipt of such money that it would not have received but

28   for its concealment.

30.     As a direct and proximate result of Google's misconduct as set forth above, Google has been unjustly enriched.

31.     Under principles of equity and good conscience, Google should not be permitted to keep the full amount of money belonging to Plaintiff and the Class which Google has unjustly received as a result of its actions.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ.

32.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

33.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Google's actions as delineated herein.

34.     Class members have suffered injury in fact and have lost money or property as a result of Google's actions as delineated herein.

35.     Google's actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of California Business and Professions Code sections 17200 *et seq.* in that Google's actions are unfair, unlawful and fraudulent, and because Google has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500 *et seq.*

36.     Google's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed that they will be charged for ad placed on third party websites even though the "optional" CPC content bid input was left blank.

— 9 —

37. Google's business practices, as alleged herein, are unlawful because the conduct constitutes unjust enrichment, as well as the other causes of action herein alleged.

38. Google's practices, as alleged herein, are fraudulent because they are likely to deceive consumers.

39. Google's wrongful business acts alleged herein constituted, and constitute, a continuing course of conduct of unfair competition since Google is marketing and selling their products in a manner that is likely to deceive the public.

40. Google's business acts and practices, as alleged herein, have caused injury to Plaintiff, the Class and the public.

41. Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining Google from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint. Plaintiff and the Class also seek an order requiring Google to make full restitution of all moneys it wrongfully obtained from Plaintiffs and the class.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and members of the proposed Class request that the Court enter an order or judgment against Defendant as follows:

1. Certification of the proposed Class and notice thereto to be paid by Defendant;

2. Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3. For restitution and disgorgement on certain causes of action;

**CLASS ACTION COMPLAINT**

4.   For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.   For compensatory and general damages according to proof on certain causes of action;

6.   For special damages according to proof on certain causes of action;

7.   For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.   Costs of the proceedings herein;

9.   Reasonable attorneys fees as allowed by statute; and

10.  Any and all such other and further relief that this Court may deem just and proper.


Dated: January ___ 2010            **KABATECK BROWN KELLNER LLP**


By: _____
                                   BRIAN S. KABATECK
                                   RICHARD L. KELLNER
                                   ALFREDO TORRIJOS
                                   *Attorneys for Plaintiff and proposed Class*

1

## DEMAND FOR JURY TRIAL

2     Plaintiffs hereby demand a trial by jury in the instant action.

3

4   Dated: January ___ 2010     **KABATECK BROWN KELLNER LLP**

5

6

7                  By: _____

8                       BRIAN S. KABATECK
                          RICHARD L. KELLNER

9                       ALFREDO TORRIJOS
                         *Attorneys for Plaintiff and proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**