1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  LARGO CARGO CO., a Florida corporation, individually and on behalf of all others similarly situated, | No.: 10-CV-00241-RMW |
| 11 | HONORABLE RONALD M. WHYTE |
| 12            Plaintiff, | **ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE, AND SETTING FINAL APPROVAL HEARING** |
| 13            vs. | |
| 14  GOOGLE INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | |
| 15 | |
| 16            Defendants. | |
| 17 | |

18

19          **ORDER PRELIMINARILY APPROVING SETTLEMENT,**

20                 **PROVIDING FOR NOTICE, AND**

21              **SETTING FINAL APPROVAL HEARING**

22          WHEREAS the parties hereto have entered into agreements to settle the

23  claims alleged herein, which agreement is contained in the Stipulation and

24  Agreement of Settlement dated October 15, 2010 (the "Stipulation"); and

25          WHEREAS the Stipulation is subject to review under Rule 23 of the Rules

26  of Civil Procedure; and

27          WHEREAS Plaintiff filed and served on all parties hereto a motion for

28  preliminary approval of the settlement reflected in the Stipulation pursuant to

1   which the Court conducted a hearing on November 5, 2010, at which time the

2   Court considered all written and oral arguments submitted; and

3          WHEREAS the Stipulation is not to be deemed and does not constitute an

4   admission of, or evidence of, liability on the part of Defendant, or a lack thereof on

5   the part of Plaintiff;

6

7          NOW, THERFORE, IT IS HEREBY ORDERED, this 5th day of November

8   2010, that:

9   1.        Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), and for the purposes of

10  the settlement reflected in the Stipulation (the "Settlement") only, a Settlement

11  Class is hereby certified as follows:

12              All persons or entities located within the United States

13              who created an AdWords campaign between October

14              2007 and July 2009, left the "CPC Content bid" field

15              blank, and were charged for clicks on ads on the Content

16              Network.

17  2.        A member of the Class shall hereinafter be referred to as a

18  "Settlement Class Member."

19  3.        The Court finds, for purposes of the Settlement only, that the

20  prerequisites under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a)

21  the number of Settlement Class Members is so numerous that joinder of all

22  members thereof is impracticable; (b) there are questions of law and fact common

23  to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of

24  the Settlement Class Members that it represents; (d) the Plaintiff has represented,

25  and will fairly and adequately represent, the interests of the Settlement Class; (e)

26  questions of law and fact common to the Settlement Class Members predominate

27  over any questions affecting only individual members of the Settlement Class; and

28  (f) a class action is superior to other available methods for the fair and efficient

– 2 –

1   adjudication of the controversy.

2       4.      Pursuant to Fed. R. Civ. P. 23, Plaintiff Largo Cargo Co. ("Plaintiff")

3   is certified as Class Representative for the Settlement Class.  Kabateck Brown

4   Kellner, LLP is hereby appointed as Counsel for the Class ("Class Counsel").

5       5.      The Court hereby preliminarily approves, as fair, reasonable, and

6   adequate under Fed. R. Civ. P. 23, the proposed Settlement as reflected in the

7   Stipulation.

8       6.      A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R.

9   Civ. P. 23(e) is hereby set and will be held before the Court on **March 11, 2011, at**

10  **9:00 AM** for the following purposes:

11          a.      to finally determine whether the Settlement Class satisfies the

12  applicable prerequisites for certification for settlement purposes under Fed. R. Civ.

13  P. 23(a) and (b);

14          b.      to determine whether the proposed Settlement as reflected in

15  the Stipulation is fair, reasonable, and adequate, and should be finally approved by

16  the Court;

17          c.      to determine whether the proposed Order and Final Judgment as

18  provided under the Stipulation should be entered, and to determine whether the

19  release by the Class, as set forth in the Stipulation, should be provided;

20          d.      to consider Class Counsel's application for an award of

21  attorneys' fees and reimbursement of expenses; and

22          e.      to rule upon such other matters as the Court may deem

23  appropriate.

24      7.      The Court reserves the right to approve the Stipulation with or without

25  modification (if agreed to by the parties) and with or without further notice of any

26  kind.

27

28

**ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE,
AND SETTING FINAL APPROVAL HEARING (10-CV-00241-RMW)**

8.     The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Settlement Fairness Hearing (the "Settlement Notice") and Online Proof of Claim Form (the "Proof of Claim") in substantially the form and content annexed hereto as Exhibits A and Exhibit B, respectively.  The Court directs the parties to cause the Settlement Notice and Proof of Claim to be published (and in the case of the Settlement Notice to be made available for downloading) at the following website: http://www.*[website]*.com.

9.     The Court approves the form and substance the Email Notice of Proposed Settlement of Class Action and Settlement Hearing ("Email Notice") in substantially the form and content annexed hereto as Exhibit C.  The Court directs Defendant to disseminate the Email Notice on or before **November 25, 2010**, to the last known email address of every AdWords advertiser who created an AdWords campaign between October 2007 and July 2009 and who was charged for clicks to ads placed on the Content Network.  Defendant shall provide Class Counsel with proof of the dissemination of the Settlement Notice and Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of the dissemination of the Settlement Notice.

10.     The form and method set forth herein of notifying the Settlement Class of the Settlement reflected in the Stipulation and their terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11.     The Court hereby appoints the firm of Epiq Systems, Inc. (the "Claims Administrator") to supervise and administer the notice procedure under the direction of the parties, as well as the processing of claims as more fully set forth below.  The Claims Administrator shall ensure that the Settlement Notice and Proof of Claim are posted at http://www.*[website]*.com, through at least the final

1    deadline for submission of claims.  The fees of the Claims Administrator together

2    with the costs of notice, up to the amount of $100,000, shall be paid out of the

3    Settlement Fund, subject to the approval of the parties, and without further order of

4    the Court.

5        12.        The Settlement Fund shall be deemed and considered to be in legal

6    custody of this Court, and shall remain within the jurisdiction of this Court, until

7    such time as such fund shall be distributed pursuant to the Stipulation and/or

8    further orders of the Court.

9        13.        In order to be entitled to make a claim on the Settlement Fund, as

10   defined in the Stipulation, each Settlement Class Member shall take the following

11   actions and be subject to the following conditions:

12               a.        A fully and properly completed Proof of Claim, substantially in

13   the form attached hereto as Exhibit B, must be filled-out and electronically

14   submitted to the Claims Administrator by using the Proof of Claim form available

15   online at http://www.*[website]*.com by no later than **December 30, 2010**.  Such

16   deadline may be further extended by Court Order.  Each Proof of Claim shall be

17   deemed to have been submitted when electronically submitted by using the Proof

18   of Claim available online at http://www.*[website]*.com.  Any Proof of Claim

19   submitted in any other manner shall be deemed to have been submitted when it

20   was actually received by Claims Administrator.

21               b.        The Proof of Claim submitted by each Settlement Class

22   Member must satisfy the following conditions: (i) it must be properly filled out,

23   electronically signed and submitted in a timely manner in accordance with the

24   provisions of the preceding subparagraph; and (iii) the Proof of Claim must be

25   complete and contain no material deletions or modifications of any of the printed

26   matter contained therein.

27               c.        As part of the Proof of Claim, each Settlement Class Member

28   shall submit to the jurisdiction of the Court with respect to the claim submitted,

1   and shall (subject to effectuation of the Settlement reflected in the Stipulation)

2   agree and enter into the release as provided in the Stipulation.

3       14.        Settlement Class Members shall be bound by all determinations and

4   judgments in this Action with respect to the Settlement reflected in the Stipulation,

5   whether favorable or unfavorable and whether or not they submit a Proof of Claim,

6   unless such persons request exclusion from the Class in a timely and proper

7   manner, as hereinafter provided.

8       15.        A Settlement Class Member wishing to request exclusion shall mail

9   the request in written form, by first class mail, postage prepaid, and postmarked no

10  later than **December 30, 2010** to the address specified in the Settlement Notice.

11  Such request for exclusion shall clearly indicate the name and address of the

12  person seeking exclusion, that the sender requests to be excluded from the Class in

13  Largo Cargo Co. v. Google, Inc. (Case No. 10-cv-00241-RMW), and must be

14  signed by such person.  The request for exclusion shall not be effective unless it

15  provides the required information and is made within the time stated above, or the

16  exclusion is otherwise accepted by the Court.  Copies of all requests for exclusion

17  received by the Claims Administrator shall be delivered to Class Counsel and

18  counsel for the Defendants within 5 business days of receipt thereof.

19      16.        Settlement Class Members requesting exclusion from the Settlement

20  Class shall not be entitled to receive any payment out of the Settlement Class

21  Common Fund, as defined in the Stipulation.

22      17.        Neither Defendant nor their respective counsel shall have any

23  responsibility for, nor interest in, the distribution of the Settlement Fund.

24      18.        Any Settlement Class Member may enter an appearance in this

25  litigation, at his, her or its own expense, individually or through counsel of their

26  choice.  Any Settlement Class Member who does not enter an appearance, will be

27  represented by Class Counsel.

28

– 6 –

**ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE,
AND SETTING FINAL APPROVAL HEARING (10-CV-00241-RMW)**

19.     The Court will consider comments and/or objections to the Settlement reflected in the Stipulation or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the Northern District of California, 280 South First Street, Room 2112, San Jose, CA 95113, and copies of all such papers are served, on or before **February 25, 2011** on the following counsel:

| **CLASS COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|
| Kabateck Brown Kellner, LLP | Keker & Van Nest, LLP |
| Richard L. Kellner, Esq. | David J. Silbert, Esq. |
| 644 S. Figueroa Street | 710 Sansome Street |
| Los Angeles, CA  90017 | San Francisco, CA  94111 |

Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Stipulation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Stipulation and/or Class Counsel's application for an award of attorneys' fees and reimbursement of expenses and desire to present evidence at the hearing thereon must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at said hearing.

20.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.     All papers in support of final approval of the Settlement reflected in the Stipulation, and the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses shall be filed and served on or before **February 18, 2011**.

– 7 –

22.     If: (i) the Stipulation is terminated by Defendant; or (ii) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived by the parties thereto; or (iii) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation and Class Counsel and Counsel for the Defendant do not consent to the entry of another form of order in lieu thereof, or (iv) the Court rejects the Stipulation, including any amendment thereto approved by Class Counsel and Counsel for the Defendant; or (v) the Court approves the Stipulation, including any amendment thereto approved by Class Counsel and Counsel for the Defendant, but such approval is reversed on appeal and such reversal becomes final; or (vi) the Settlement reflected in the Stipulation is terminated or this Order does not become effective for any reason, then, in any such event, this Order Preliminarily Approving Settlement and Providing for Notice shall be null and void as to the applicable, parties, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity.

23.     The Court retains jurisdiction over the parties, including the power to consider whether or not the proposed Settlement reflected in the Stipulation should be approved pursuant to Fed. R. Civ. P. 23(e).

/ / /

/ / /

/ / /

1       24.       The Court retains exclusive jurisdiction over this class action to

2   consider all further matters arising out of or connected with the Settlement

3   reflected in the Stipulation, including enforcement of the release provided for in

4   the Stipulation.

5

6   **IT IS SO ORDERED.**

7

8   Dated: ___**November 5, 2010**_____

9

10                                          By: _Ronald M. Whyte_

11                                                The Honorable Ronald M. Whyte
                                                 United States District Court Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE,
AND SETTING FINAL APPROVAL HEARING (10-CV-00241-RMW)**

**EXHIBIT A**

**WEBSITE COPY: HOME PAGE**

**On November 5, 2010, the Court granted preliminary approval of the settlement reached in this case.  Please review the information on this website concerning the proposed settlements and important deadlines, including the February 25, 2010 deadline for filing objections.**

## *LARGO CARGO, CO. V. GOOGLE INC., CASE NO. 10-CV-00241-RMW*

There is now pending in the United States District Court for the Northern District of California a class action lawsuit entitled Largo Cargo, Co. v. Google Inc. (Case No. 10-CV-00241-RMW). Subject to final approval by the Court, the parties have reached a settlement in this lawsuit.  The Court has authorized this website, which provides information about the lawsuit and the proposed settlement, including important deadlines and links to relevant documents.

If approved by the Court, the settlement would resolve the claims of all members of the "Settlement Class."  You are a member of the Settlement Class if you satisfy all three of the following conditions:

1.  You are a person or entity located within the United States who created an AdWords campaign between October 2007 and July 2009;

2.  You left the "CPC Content bid" input blank when you created the Adwords campaign between October 2007 and July 2009; and

3.  You were charged for content ads appearing on Google's Content Network.

If you are a member of Settlement Class, you can submit an **Electronic Proof of Claim Form** or, alternatively, you can seek to exclude yourself from the Settlement Class.

**IMPORTANT.**  If the settlement is approved, your legal rights may be affected whether or not you act.  You should therefore carefully read the documents filed with the Court concerning the settlement, the reimbursement of attorneys' fees and litigation expenses, and the litigation generally.  All of these documents can be found **here.**

**IMPORTANT DEADLINES.** The deadline for submitting an objection to the settlement is **February 25, 2010**.  The date of the hearing for final approval of the settlement is **March 11, 2011 at 9:00 AM** at the U.S. District Court for the U.S. District Court, Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113.  Please note that dates and other materials set forth in the **Preliminary Approval Order** and the **Settlement Agreement** (and/or in any of the exhibits) may be changed or revised by the Court.  Please check this website for updates.

This website has been approved by the Court and is intended to provide information about the lawsuit and the proposed settlement.  Please click **here** for contact information if you have questions about this case which are not answered here.  Please **DO NOT** contact the Court or Google Inc. with questions concerning the litigation and the proposed settlement.

**WEBSITE COPY: ABOUT**

**On November 5, 2010, the Court granted preliminary approval of the settlement reached in this case.  Please review the information on this website concerning the proposed settlements and important deadlines, including the February 25, 2010 deadline for filing objections.**

## *ABOUT THE LITIGATION*

The plaintiff in this class action lawsuit (called *Largo Cargo, Co. v. Google Inc.*, Case No. 10-CV-00241-RMW) claims that Google Inc. has violated California's unfair competition law by deceiving its customers into paying for clicks to ads placed on Google Content Network. Beginning in October 2007, Google started providing its advertisers with the option to set the maximum amount they would be willing to pay every time an internet user clicked on a content ad (an ad that is displayed because the content of a webpage that is being viewed by an internet user matches a keyword chosen by the advertiser).   According to Plaintiff, the deception occurred because Google failed to disclose that leaving the "optional" bid for content ads blank, did not opt out of the Content Network.

Google Inc. denies all of plaintiff's claims and asserts that it has done nothing wrong or improper.

For more detailed information about the plaintiff's claims, please review the **First Amended Complaint**.

This website has been approved by the Court and is intended to provide information about the lawsuit and the proposed settlement.  Please click **here** for contact information if you have questions about this case which are not answered here.  Please **DO NOT** contact the Court or Google Inc. with questions concerning the litigation and the proposed settlement.

**WEBSITE COPY: DOCUMENTS**

On November 5, 2010, the Court granted preliminary approval of the settlement reached in this case.  Please review the information on this website concerning the proposed settlements and important deadlines, including the February 25, 2010 deadline for filing objections.

## *DOCUMENTS*

Complaint & Answer
- ‣ Plaintiff's First Amended Complaint
- ‣ Google Answer

Settlement Documents
- ‣ Stipulation of Settlement
  - ‣ Exhibit A – Copy for Website Notice
  - ‣ Exhibit B – Copy for Proof of Claim Form
  - ‣ Exhibit C – Copy for Email Notice
  - ‣ Exhibit D – [Proposed] Preliminary Approval
  - ‣ Exhibit E – [Proposed] Final Judgment

Preliminary Approval of the Settlement
- ‣ Court's Month Day, 2010 Order Preliminarily Approving Settlement
- ‣ Plaintiff's Brief in Support of Preliminary Approval of Settlement

Final Approval
- ‣ .

This website has been approved by the Court and is intended to provide information about the lawsuit and the proposed settlement.  Please click **here** for contact information if you have questions about this case which are not answered here.  Please **DO NOT** contact the Court or Google Inc. with questions concerning the litigation and the proposed settlement.

**WEBSITE COPY: FAQs**

On November 5, 2010, the Court granted preliminary approval of the settlement reached in this case.  Please review the information on this website concerning the proposed settlements and important deadlines, including the February 25, 2010 deadline for filing objections.

## *FREQUENTLY ASKED QUESTIONS (FAQS)*

### 1.        Why did I get the email notice?

Google's records show that you created an AdWords campaign between October 2007 and July 2009.  Therefore, you *may* be a member of the Settlement Class if: (i) you left the "CPC Content bid" input blank when you created the Adwords campaign between October 2007 and July 2009; and; (ii) you were charged for content ads appearing on Google's Content Network.

Merely receiving this notice does not mean you are a member of the class. While you may have received this notice because you created an AdWords campaign between October 2007 and July 2009, in order to qualify as a class member, you must have left the "CPC Content bid" input blank <u>and</u> have been charged for clicks to ads placed on the Content Network.

This website has been approved by the Court and is intended to provide information about the lawsuit and the proposed settlement.   Please click **here** in order to contact us if you have questions about this case which are not answered here.  Please **DO NOT** contact the Court or Google Inc. with questions concerning the litigation and the proposed settlement.

### 2.        What is this lawsuit about?

This lawsuit was brought by plaintiff Largo Cargo Co. against Google Inc.

Plaintiff Largo Cargo, Co. alleges that Google Inc. has violated California's unfair competition law by deceiving its customers into paying for clicks to ads placed on Google Content Network. Beginning in October 2007, Google started providing its advertisers with the option to set the maximum amount they would be willing to pay every time an internet user clicked on a content ad (an ad that is displayed because the content of a webpage that is being viewed by an internet user matches a keyword chosen by the advertiser).   According to Plaintiff, the deception occurred because Google failed to disclose that leaving the "optional" bid for content ads blank, did not opt out of the Content Network.  More detailed information about plaintiff's claims, are found in the **First Amended Complaint**.

Google denies plaintiff's allegations and maintains that it acted in accordance with all laws and regulations.

**WEBSITE COPY: FAQs**

| **3.** | **Has the Court decided who is right? Why is there a settlement?** |

The Court has not decided who is right or wrong in this lawsuit.  Instead, the Plaintiff and Google Inc. agreed, after lengthy investigations by Plaintiff and Google and after extensive settlement negotiations, to enter into a **Stipulation of Settlement**.  The parties presented this Settlement to the Court and on [Date] the Court **Preliminarily Approved** the Settlement.  As a result of the Settlement, all parties avoid the costs of further litigation and risks of a trial and Settlement Class members may obtain the benefits of the Settlement.

| **4.** | **What is the proposed settlement?** |

The Settlement Agreement provides that Google will pay a total of $3,500,000 to settle this action.  The $3,500,000 will be used to pay the costs of providing notice and administering the settlement (up to a maximum of $100,000), to pay the attorneys fees and reimbursement of litigation costs awarded by the Court (not to exceed $1,166,667) and to pay the plaintiff incentive awarded by the Court (not to exceed $3,000).  The Net Settlement Fund is determined by subtracting these costs and awards from the $3,500,000.  Settlement Class Members will be paid from the Net Settlement Fund.

In order to qualify as a Settlement Class Member, you must have (i) created an AdWords campaign between October 2007 and July 2009; (ii) you must have left the "CPC Content bid" input blank when you created the AdWords campaign; and (iii) you must have been charged for content ads appearing on Google's Content Network.

If you meet these requirements, you may submit an Online Proof of Claim Form, which can be found **here**. Once your claim form is submitted, it will be processed to determine whether it is a "valid claim." A claim is "valid" if you meet the three requirements above, if the Online Proof of Claims Form was submitted in time and if your claim is not otherwise challenged or rejected by Google. The Online Proof of Claims Form must be submitted no later than **December 30, 2010**. Once you have submitted Proof of Claim, Google will have the right to review for accuracy the information in you have provided in the form and will have the right to challenge any claim as invalid.

Since only valid claims are entitled to participate in the distribution of settlement funds, the total amount that you will receive from this settlement can only be determined once all valid claims have been made and verified.  The amount that you will receive will depend on the total amount charged to all claimants for clicks to content ads.  If the total amount of valid claims is less than the Net Settlement Fund, each claimant will receive the total amount spent on clicks to ads on the Content Network and any funds remaining after paying all valid claims will be donated to a third party charity approved by the Court.  If the total amount of valid claims is more than the Net Settlement Fund, each valid claimant will get their pro rata share of the Net Settlement Fund.

If you meet the three requirements above, the first step in receiving benefits of the Settlement is to submit a completed Online Proof of Claims Form and not "opt out" of the Settlement.  Opting out will result in elimination from the Class and you will not receive any of the benefits from the

**WEBSITE COPY: FAQs**

Settlement Agreement.  The Proof of Claim Form must be submitted no later than **December 30, 2010**.

| **4.** | **How do I know if I am of the Settlement Class?** |
| --- | --- |

In order to receive the benefits of this "Settlement Class," you must fit within the following class description: All persons or entities located within the United States who created an AdWords campaign between October 2007 and July 2009, left the "CPC Content bid" input blank, and were charged for content ads.

| **5.** | **What if I'm still not sure if I am included?** |
| --- | --- |

If you are still not sure whether you are included, you can contact us by filling-out the form located **here**.

| **6.** | **How can I get the benefits of the settlement?** |
| --- | --- |

To obtain the benefits of this Settlement, all you need to do is submit a completed **Online Proof of Claims Form** and not opt-out of the Settlement.

| **7.** | **Am I giving anything up in exchange for the benefits of the settlement?** |
| --- | --- |

Yes.  If the Court approves the Settlement, it will enter a judgment dismissing the lawsuit with prejudice as to all Settlement Class Members and releasing all claims they may have against Google.  In other words, by remaining in the Settlement Class, all of the Court's orders will apply to you and you will be barred from bringing your own lawsuit based on the claims and issues raised in this lawsuit.

As more fully set forth in the Settlement Agreement, you will release Google their respective heirs, executors, administrators, successors and assigns for all claims based on or arising out of the charges for clicks, whether or not you submit a Proof of Claim.

| **8.** | **What happens if I do nothing at all?** |
| --- | --- |

If you do not do anything in response to this notice (that is, you do not submit a Proof of Claim Form and you do not "opt out") or if you fail to act within by the deadlines, you will not be eligible to receive any money or benefits from the Settlement.  You will, however, be bound by the terms of this Settlement if it is approved by the Court – meaning that you may be barred from bringing a lawsuit against Google for the claims asserted in this action.

If you submit a valid and timely "opt out," you will not to be a part of the Settlement Class and will also not be eligible to receive any money or benefits from the Settlement.  You will, however, preserve your right to sue Google individually and independently for the claims asserted in this action.

**WEBSITE COPY: FAQs**

| 9. | Can I get out the Settlement and Settlement Class? |
|---|---|

Yes. You may request to be excluded from the Settlement and the Settlement Class. If you exclude yourself, you will not receive any of the benefits of the Settlement. The deadline to exclude yourself is **December 30, 2010**.

| 10. | Why would I ask to be excluded? |
|---|---|

If you already have your own lawsuit against Google concerning the issues in this case and want to continue with it, you need to ask to be excluded from the Settlement Class. If you exclude yourself from the Settlement Class – which means to remove yourself from the Settlement Class, and is sometimes called "opting out" of the Settlement Class – you won't get any money or benefits from the Settlement if it is approved by the Court. However, you may then be able to sue or continue to sue Google Inc. concerning the issues in this case. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Google after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Google, you should talk to your own lawyer soon, because your claims may be subject to a statue of limitations.

| 11. | How do I ask the Court to exclude me from the class? |
|---|---|

To exclude yourself, you must submit a written Request for Exclusion, no later than **December 30, 2010**, requesting exclusion from the Settlement.

Your request must include the following information:

- Your name, address, and telephone number;

- A statement that you wish to be excluded from the case Largo Cargo Co. v. Google, Inc., Case No: 10-CV-00241-RMW, that you do not wish to be a Settlement Class Member, and that you want to be excluded from any judgment entered in this case; and

- Your signature (or your lawyer's signature).

If you fail to provide all of the above information, you will not be adjudged to have excluded yourself from the class. Your Request for Exclusion request must be signed, mailed, and postmarked, by **December 30, 2010** to:

> Settlement Administrator
> **Largo Cargo Co. v. Google, Inc. Settlement**
> [Address Line 1]

[Address Line 2]

| **12.** | **If I exclude myself, can I obtain the benefits of or comment on the Settlement?** |

No.  If you exclude yourself, you are no longer part of the Class or the Settlement.  You will not receive any benefits from the Settlement and the Court will not consider your comments in support of or in opposition to the Settlement.

| **13.** | **Can I tell the court if I support or object to the settlement or that I want to appear at the final settlement approval hearing?** |

Yes. So long as you do not exclude yourself, you can tell the Court that you support or object to the Settlement or some part of it.

To object, you must file a letter with the Clerk of the Court, United States District Court for the Northern District of California U.S. District Court for the U.S. District Court, Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113 on or before **February 25, 2011**.  In addition to filing the letter with the Court you must also serve the letter on Plaintiff's Counsel and Defendant's Counsel by first-class mail at the following addresses:

| <u>**PLAINTIFF'S COUNSEL**</u> | <u>**DEFENDANT'S COUNSEL**</u> |
|---|---|
| Kabateck Brown Kellner, LLP | Keker & Van Nest, LLP |
| Richard L. Kellner, Esq. | David J. Silbert, Esq. |
| 644 S. Figueroa Street | 710 Sansome Street |
| Los Angeles, CA 90017 | San Francisco, CA 94111 |

Your letter must be postmarked no later than **February 25, 2011** and must include all of the following:

    –    Your name, address, and telephone number;

    –    The name and number of the lawsuit: <u>Largo Cargo Co. v. Google, Inc.</u>, Case No: 10-CV-00241-RMW;

    –    A statement of the reasons why you believe the Settlement is or is not fair, reasonable or adequate; and

    –    A statement regarding whether you (or your lawyer) wish to speak at the Settlement Fairness Hearing.

If you object, you may, but are not required to, appear at the Final Approval Hearing, either in person or through an attorney retained and paid by you.  The Fairness Hearing will take place on **March 11, 2011, at 9:00 a.m**.  If you or your attorney intends to appear at the Final Approval Hearing, you or your attorney must file a written Notice of Intention to Appear, together with

**WEBSITE COPY: FAQs**

any supporting legal memoranda and evidence, with the Clerk of the Court no later than **February 25, 2011**.  If you do not appear at the hearing, you waive the right to appeal.

| 14. | Who pays the lawyers and how much will they be paid? |
|---|---|

The lawyers will be paid out of the $3,500,000.00 that Google will pay as part of the Settlement. The lawyers have agreed not seek more than $1,166,666.55, plus reasonable costs and expenses. Class Counsel will file their Fee Application with the Court on or before **February 18, 2011**. The amount that the lawyers will ultimately be paid will be set by the Court at the Fairness Hearing.

| 15. | When and where will the Court decide whether to approve the settlement? |
|---|---|

A Fairness Hearing will be held at **9:00 a.m. on March 11, 2011**. The Court is located at U.S. District Court for the U.S. District Court, Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113.

At the Fairness Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate to Settlement Class Members. As part of making this determination, the Court will consider the views of the Settlement Class Members both in favor of and opposed to the Settlement. The Court will further consider Settlement Class Counsel's request for attorneys' fees and litigation costs. After the hearing, the Court will decide whether to approve the Settlement and attorneys' fees and costs.

| 16. | Are more details available? |
|---|---|

Yes.  You can contact us by filling-out the form located **here**.

**WEBSITE COPY: CONTACT US**

On November 5, 2010, the Court granted preliminary approval of the settlement reached in this case.  Please review the information on this website concerning the proposed settlements and important deadlines, including the February 25, 2010 deadline for filing objections.

## *CONTACT US*

We are happy to answer any questions that you may have regarding the litigation or the settlement.  To contact us, please use the form below.

**[CONTACT FORM]**

**EXHIBIT B**

**ONLINE PROOF OF CLAIM FORM**

**PLEASE READ AND FOLLOW THESE INSTRUCTIONS.  FAILURE TO FOLLOW THE INSTRUCTIONS COULD RESULT IN THE REJECTION OF YOUR CLAIM.  THIS FORM MUST BE FILLED OUT ELECTRONICALLY SUBMITTED BY NO LATER THAN DECEMBER 30, 2010.**

I.   **CLAIMANT IDENTIFICATION:**

Name: _____

Street Address: _____

City, State, Zip Code: _____

Residence Telephone Number: (___)_____

E-mail Address:          _____

II.   **ADWORDS ACCOUNT INFORMATION:**

1.  Did you, during the period from October 2007 until July 2009, create an AdWords campaign where you left the "CPC Content bid" input box blank?

                          YES_____
                          NO_____

If you answered "NO" you are not included in the class that is the subject of this lawsuit, and you should not further complete or return this Proof of Claim Form.

2.  If you answered Yes to Question 1, did you leave the "CPC Content bid" input box blank because you did not want to have your ads placed on the Content Network?

**YES**_____
**NO**_____

If you answered "NO" you are not included in the class that is the subject of this lawsuit, and you should not further complete or return this Proof of Claim Form.

3.  If you answered Yes to Questions 1 and 2, where you charged for clicks to ads placed on the Content Network?

**YES**_____
**NO**_____

If you answered "NO" you are not included in the class that is the subject of this lawsuit, and you should not further complete or return this Proof of Claim Form.

4.  If you answered YES to Questions 1, 2 and 3, list the Account Number(s) of the Adwords Account(s) that you used to create an AdWords campaign where you left the "CPC Content bid" input blank:

AdWord Account Number(s): _____

_____

_____

By entering my name, email address and today's date below, I am declaring under penalty of perjury that all information provided in this Claim Form is true, correct and accurate to the best of my knowledge and belief.   I have not previously filed a Proof of Claim Form with respect to the Settlement, and will not file a subsequent Proof of Claim Form in the future.  I have not requested, and will not request, to be excluded from the Settlement, and I understand that I am bound by the terms of any judgment entered in this litigation.

YOUR FULL NAME:        _____

YOUR EMAIL ADDRESS:    _____

TODAY'S DATE:          _____

**EXHIBIT C**

**<u>EMAIL NOTICE</u>**

Google is sending you this notice of a proposed class action settlement that may affect your legal rights as a creator of an AdWords campaign between October 2007 and July 2009.  This notice is being sent to you by Court Order so that you may understand your rights and remedies before the Court considers final approval of the proposed settlement on March 11, 2011.

This is not an advertisement or attorney solicitation.

A settlement agreement has been reached by the parties and is pending approval by the Court.  Under the proposed settlement, Google will pay a total of $3,500,000 to the settlement class, including attorneys' fees and costs, for charges accrued by AdWords users who left the "CPC Content bid" input blank upon creating an AdWords campaign, and were charged for content ads appearing on Google's Content Network.

**IMPORTANT.**  If the settlement is approved, your legal rights may be affected whether or not you act.  You should therefore carefully read the documents filed with the Court concerning the settlement, the reimbursement of attorneys' fees and litigation expenses, and the litigation generally.

Please go to http://www.[website].com for full details on the settlement and further instructions on what to do to submit a claim, opt out of, object to, or otherwise comment upon the proposed settlement.

Please do not reply to this email.