1
2
3
4
5
6
7              **UNITED STATES DISTRICT COURT**
8             **NORTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| LARGO CARGO CO., a Florida corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.   CV 10-00241 RMW (PVT)<br><br>HON. RONALD M. WHYTE<br><br>**ORDER AND FINAL JUDGMENT**<br><br><u>Hearing</u><br>Date:  March 11, 2011<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 6, 4th Floor |

### ORDER AND FINAL JUDGMENT

On the 11th day of March, 2011, a hearing pursuant to Fed. R. Civ. P. 23(e) was held before this Court for the following purposes:

    a.    to finally determine whether the Settlement Class satisfies the applicable prerequisites for certification for settlement purposes under Fed. R. Civ. P. 23(a) and (b);

    b.    to determine whether the proposed Settlement as reflected in the Stipulation And Agreement Of Settlement dated October 1, 2010 (the "Stipulation") is fair, reasonable, and adequate, and should be finally approved by the Court;

        c.      to determine whether the proposed Order and Final Judgment as provided under the Stipulation should be entered, and to determine whether the release by the Class, as set forth in the Stipulation, should be provided;

        d.      to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

        e.      to rule upon such other matters as the Court may deem appropriate.

NOW, THERFORE, IT IS HEREBY ORDERED, this 23rd day of March, 2011, that:

1.      The Court finds that the prerequisites under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; ( c) the claims of the Plaintiff are typical of the claims of the Settlement Class Members that it represents; (d) the Plaintiff has represented, and will fairly and adequately represent, the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2.      Accordingly, Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies this action as a class action the following Settlement Class:

> All persons or entities located within the United States who created an AdWords campaign between October 2007 and July 2009, left the "CPC Content bid" field blank, and were charged for clicks on ads on the Content Network.

3.      Furthermore, pursuant to Fed. R. Civ. P. 23, the Court hereby finally

certifies Plaintiff Largo Cargo Co. ("Plaintiff") as Class Representative for the Settlement Class and Kabateck Brown Kellner, LLP as Counsel for the Class ("Class Counsel").

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable, and adequate, and the members of the Settlement Class Members are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The obligations incurred pursuant to the Stipulation are in full and final disposition of the Action and any and all Settled Claims as against all Released Parties.

7. The Complaint is hereby dismissed with prejudice as against Defendant.

8. Plaintiff and all Class Members on behalf of themselves, their heirs, executors, administrators, successors and assigns, hereby, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties, whether or not such Plaintiff and Class Members execute and deliver a Proof of Claim.

9. The Court finds that all parties and their counsel have complied with each requirement of the Federal Rules of Civil Procedure as to all proceedings herein.

1       10.    The Court further finds that the response of the Class to the settlement supports final settlement approval.  Not a single Class Member filed an objection to the Settlement and seven Class Members requested exclusion from the Settlement.

    11.    Class Counsel are hereby awarded one-third of the Gross Settlement Fund – after deducting $100,000 for administrative costs – in attorneys' fees, or $1,128,333.33, which sum the Court finds to be fair and reasonable, which shall be paid to Plaintiff's Counsel from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns.  The attorneys' fees amount awarded to Class Counsel reflects a deduction of $5,000 to be paid as an incentive award to Plaintiff, pursuant to paragraph 12.  Class Counsel are also awarded $5,153.20 in reimbursement of expenses, which shall also be paid to Plaintiff's Counsel from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns.

    12.    Plaintiff is hereby awarded $ 8,000 as an incentive award directly related to Plaintiff's representation of the Settlement Class.  $3,000 of this award shall be paid to Plaintiff from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns.  The remaining $5,000 of this award shall be paid to Plaintiff from Plaintiff's Counsel's attorneys' fees upon Class Counsel's receipt of attorneys' fees from the Gross Settlement Fund.

    13.    This Court retains jurisdiction over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment.

– 4 –
**ORDER AND FINAL JUDGMENT (CV 10-00241 RMW)**

1
2 **IT IS SO ORDERED.**
3
4
5  Dated: _3/23/2011_           By: *Ronald M. Whyte*
6                                      The Honorable Ronald M. Whyte
                                     United States District Court Judge